# United States Court of Appeals for the Federal Circuit

---

**JOSEPH A. BELL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1670

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3207, Judge Coral Wong Pietsch.

---

Decided: November 7, 2023

---

JAMES MYERS MORTON, Morton & Morton, PLLC, Knoxville, TN, argued for claimant-appellant.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, HUGHES, and STARK, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Joseph A. Bell appeals a decision from the Court of Appeals for Veterans Claims, affirming the Board of Veterans' Appeals decision denying entitlement to an extra-schedular rating for his lumbar spine injury. Because the regulation authorizing the Director of Compensation Service to approve an extra-schedular rating does not prohibit the Director from considering recommendations from agency officials before making this decision, we affirm.

I

Mr. Bell served on active duty from May 1952 to May 1954 in the U.S. Army, and from November 1955 to April 1957 in the U.S. Air Force. During service, Mr. Bell sustained a lower back injury, and years later Mr. Bell filed a claim with the Veterans Administration for entitlement to service connection for a lumbar spine disability. After a series of appeals and remands, Mr. Bell received a 20% disability rating for his lumbar spine disability, effective March 8, 2017. In a December 2019 internal memorandum, the agency requested an administrative review by the Director of Compensation Service on the issue of entitlement to an extra-schedular rating for Mr. Bell's lumbar spine disability under 38 C.F.R. § 3.321(b)(1).[1] As part of this request, the agency recommended denying entitlement to an extra-schedular rating. Subsequently, the Director issued an advisory opinion denying entitlement, finding that the "lumbar spine disability picture does not demonstrate an unusual or exceptional disability pattern that would

---

[1]    Section 3.321(b)(1) authorizes the Director to approve an extra-schedular disability rating in an "exceptional case where the schedular evaluation is inadequate to rate a single service-connected disability[.]"

render application of the regular rating criteria impractical." J.A. 7. The regional office issued a supplemental statement of the case denying entitlement to an extra-schedular disability evaluation for the lumbar spine disability, and shortly thereafter, the Board likewise denied entitlement.

Mr. Bell appealed to the Veterans Court, which, in relevant part, affirmed the Board's decision. Although the Veterans Court found that the Board failed to discuss certain medical evidence, it also noted that Mr. Bell "d[id] not present any argument, under any applicable authority, why he believes that the [c]ourt should reverse the Board's denial of an extra[-]schedular rating." J.A. 12. Therefore, the Veterans Court held that Mr. Bell failed to demonstrate that the Board committed any prejudicial error when it denied entitlement to an extra-schedular rating and affirmed the Board's decision.

Mr. Bell now appeals. We have jurisdiction over the appeal under 38 U.S.C. § 7292.

## II

Our review of a Veterans Court decision is limited by statute. In cases not presenting a constitutional issue, we can only review a Veterans Court decision with respect to a rule of law or to the validity or interpretation of any statute or regulation relied on by the Veterans Court. 38 U.S.C. § 7292(a).

## III

Mr. Bell's principal argument on appeal is that the Director erred by considering the agency's recommendation to deny entitlement to an extra-schedular rating. Mr. Bell argues that 38 C.F.R. § 3.321(b), and our holding in *Thun v. Shinseki*, 572 F.3d 1366 (Fed. Cir. 2009), prohibits the Director from considering any agency recommendation before deciding whether to approve or deny an extra-schedular rating. We disagree.

Section 3.321(b)(1) states in relevant part that:

> To accord justice to the exceptional case where the scheduler evaluation is inadequate to rate a single service-connected disability, the Director of Compensation Service or his or her delegate is authorized to approve on the basis of the criteria set forth in this paragraph (b), an extra-schedular evaluation commensurate with the average impairment of earning capacity due exclusively to the disability.

The plain language of the regulation does not prohibit the Director from considering an agency recommendation before making a decision regarding an extra-schedular rating. Mr. Bell does not cite to any statutory or regulatory authority in support of his argument that the Director *cannot* consider an agency recommendation before making this determination. The regulation does nothing more than grant the Director authority to approve or grant a request for an extra-schedular rating.

Furthermore, our holding in *Thun* endorses the agency's long-standing interpretation of § 3.321(b)(1) as allowing agency recommendations alongside any requests for an extra-schedular determination. We explained in *Thun* that "[p]ermitting the regional offices and the Board to issue a 'field station submission' in which they recommend extra-schedular consideration still reserves to the Under Secretary and the Director the ultimate authority to 'approve' those recommendations based on whether the veteran should receive an extra-schedular rating . . . ." *Thun*, 572 F.3d at 1370. We then held that "section 3.321(b)(1) does not unambiguously preclude the regional offices and the Board from performing a threshold inquiry into whether a veteran qualifies for extra-schedular consideration." *Id.* at 1369–70. Mr. Bell has not argued or demonstrated that the Director failed to exercise independent discretion when deciding to deny entitlement to an extra-

schedular rating, nor has Mr. Bell argued that *Thun* is somehow distinguishable from this case.

Accordingly, the Director did not err by considering the agency's recommendation before exercising independent discretion to deny entitlement for an extra-schedular rating.

## IV

We have considered the rest of Mr. Bell's arguments and find them unpersuasive. Accordingly, we affirm the Veterans Court's decision denying entitlement to an extra-schedular rating for Mr. Bell's lumbar spine disability.

**AFFIRMED**

COSTS

No costs.